**RPLY**
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
ZACHARY J. THOMPSON, ESQ.
Nevada Bar No. 011001
OLSON, CANNON, GORMLEY & DESRUISSEAUX
9950 West Cheyenne Avenue
Las Vegas, Nevada  89129
(702) 384-4012
mstoberski@ocgd.com

Attorneys for Defendants RE/MAX EXTREME,
EDWARD C. REED and BARBARA P. REED

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * *

| | |
|---|---|
| TAE-SI KIM, an individual, and JIN-SUNG HONG, an individual,  Plaintiffs,  vs.  ADAM B. KEARNEY, an individual; EDWARD C. REED, an individual; BARBARA R. REED, an individual; REED TEAM, dba RE/MAX EXTREME, a Nevada general partnership; FIRST AMERICAN TITLE, a foreign corporation; GINA THOMPSON, an individual; ALVERSON, TAYLOR, MORTENSEN & SANDERS, a Nevada law firm; and, the Estate of JAMES L. ZEMELMAN, ESQ.  Defendants. | CASE NO. 2:09-CV-2008  **DEFENDANTS RE/MAX EXTREME, EDWARD C. REED AND BARBARA P. REED'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS** |

COME NOW, Defendants RE/MAX EXTREME, EDWARD C. REED and BARBARA P. REED, by and through their attorneys, OLSON, CANNON, GORMLEY & DESRUISSEAUX, and hereby and hereby file this Reply to Plaintiffs' Response to Motion to Dismiss.

. . .

This reply is made and based on the attached points and authorities, all papers and pleadings on file herein, and such oral argument as the court may entertain at the hearing of the motion.

DATED this 11th day of January, 2010.

OLSON, CANNON, GORMLEY & DESRUISSEAUX

By /s/ Michael E. Stoberski
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
ZACHARY J. THOMPSON, ESQ.
Nevada Bar No. 011001
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Attorneys for Defendants RE/MAX EXTREME, EDWARD C. REED and BARBARA P. REED

## POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Tae-Si Kim ("Kim") and Jin-Sung Hong ("Hong") (collectively "Plaintiffs") filed their Complaint on October 15, 2009, against Edward C. Reed ("Mr. Reed"), Barbara R. Reed ("Mrs. Reed"), Reeds and RE/MAX Extreme ("RE/MAX Extreme") (collectively "RE/MAX Extreme Defendants"). On December 14, 2009, the RE/MAX Extreme Defendants filed their motion to dismiss three of Plaintiffs' thirty-two causes of action. Specifically, the RE/MAX Extreme Defendants moved to dismiss Plaintiff's causes of action for breach of fiduciary duty, breach of contract, and breach of the

covenant of good faith and fair dealing. On December 31, 2009, Plaintiffs filed their Response to the Motion to Dismiss ("Response").

## II.

### ARGUMENT

In the Response, Plaintiffs noted that the RE/MAX Extreme Defendants did not cite to any case law to support the assertion that the RE/MAX Extreme Defendants are not subject to common law fiduciary duties when acting as a real estate licensee in a transaction. (Response, 4: 10-11.) That statement is misleading in that there is no reported case law on NRS Chapter 645 from the Nevada Supreme Court.[1]

With respect to the breach of contract claim, in the Response, Plaintiffs argue that in order for a breach of contract claim to survive a motion to dismiss pursuant to Rule 12(b)(6), the Plaintiff only has to show that the parties intended to create direct legal obligations between themselves. (Response, 5: 6-9.) In support of that position, Plaintiffs cited to the unpublished opinion of *AT&T Corporation v. MRO Communications, Inc.*, 1999 WL 1178965, 5 (9th Cir. 1999). In that case, the Court did state that a manifestation of an intent to contract is essential, though it does not state that showing such an intent is all that is necessary to plead a contract. *See id.* The Court stated that to withstand the motion to dismiss, the party had to allege facts necessary to establish contract formation.

. . .

---

[1] There are unpublished opinions of the Nevada Supreme Court referring to NRS 645.251 and NRS 645.252.

*See id.* (citing *Snyder v. Viani*, 885 P.2d 610, 613).[2] In *MRO Communications*, the party failed to allege facts necessary to establish contract formation, so the claim was properly dismissed. *Id.* Consequently, that court would not have had to reach the question of whether additional facts to establish other elements of a breach of contract claim would have to have been pled.

Regardless, Plaintiffs discussed four grounds that they argue show an intent for the RE/MAX Extreme Defendants to be contractually obligated to Plaintiffs. Notwithstanding that Plaintiffs have to allege additional facts as noted in the Motion to Dismiss, the four grounds discussed by Plaintiffs are not sufficient to prevent dismissal pursuant to 12(b)(6) under the standard set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).

As this Court is aware, under *Ashcroft*, the Court is not bound to accept legal conclusions as true. *Id.* at 1949-50 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). The Court assumes the truth of factual allegations, not legal conclusions, and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. For a claim to be plausible, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is

---

[2] It should be noted that the Court cited with approval to *Snyder*, which the Plaintiffs discuss in their Response. Of course, the factual situation in *Snyder* is different; however, the rule that Snyder set forth — that a Plaintiff must allege facts necessary to establish formation of a contract — is valid.

liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

In this case, Plaintiffs alleged that the Reeds and Adam Kearney ("Keerney") were a joint venture or partnership. In Plaintiffs' Response, they contend that because they alleged that the Reeds and Kearney were a joint venture or partnership, the RE/MAX Extreme Defendants should be held liable for breach of contract for any contracts entered into by Kearney, including the Option Contract. (*See* Response, 7-8.) The assertion of the existence of a joint venture or partnership is a legal conclusion, which should not be accepted as true pursuant to the standard in *Ashcroft*. Consequently, that assertion should not serve as a basis to prevent dismissal of the breach of contract claim; rather, Plaintiffs should still have to show that the facts relating to the RE/MAX Extreme Defendants plausibly give rise to a claim for breach of contract, which which they cannot show here.

Plaintiffs contend that they have pled that the RE/MAX Extreme Defendants intended to be contractually obligated pursuant to the Option Agreement, yet Plaintiffs themselves acknowledged in their Complaint that the RE/MAX Extreme Defendants were not parties to the Option Agreement. (Response, 6-7; Complaint, §29.) In the Response, Plaintiffs contend that allegations that the RE/MAX Extreme Defendants would ensure that clear and marketable title be transferred showed an intent to contract, which would independently bind them. (Response, 6: 14-28.) However, Plaintiffs did not ever assert or allege anything that could be construed as consideration relating to the alleged

statement to ensure the transfer of clear, marketable title. Moreover, Plaintiffs did not allege that the RE/MAX Extreme Defendants were obligated to do anything under the terms of the Option Agreement itself, let alone allege that the RE/MAX Extreme Defendants breached such non-pled terms. Consequently, Plaintiffs' claim for breach of contract based upon an alleged breach of the Option Agreement is not plausible on its face, and should therefore be dismissed.

In Plaintiffs' Response, Plaintiffs try to expand the scope of the allegations in the Complaint to assert that they alleged a breach of the "Assignment." (Response, 6: 12-22.) Plaintiffs attached the "Assignment" to their Complaint as Exhibit 6, which is titled "RE/MAX Extreme Addendum to Contract." It is an addendum to the Offer and Acceptance dated June 24, 2005 between Plaintiff Jin Sung Hong as purchaser and the sellers that replaces Kearney as the purchaser. Given that this Assignment was simply an addendum to a purchase contract, it is unclear whether Plaintiffs are arguing in their response that the Assignment itself was a contract. If they are alleging that it was a contract itself, there is no allegation in the Complaint of what terms, if any, of the addendum were breached by the RE/MAX Extreme Defendants. In fact, there are no allegations that the RE/MAX Extreme Defendants had any obligations under the terms contained in the addendum itself. If Plaintiffs are alleging that the Assignment was not the contract, but rather that the oral promise that Kearney would acquire the property for the Plaintiffs constituted the contract, then Plaintiffs have again failed to allege any consideration for such promise that may even

potentially give rise to the existence of such a contract. Consequently, to the extent that Plaintiffs' claim for breach of contract is based upon an alleged breach of the Assignment, Plaintiffs' claim is not plausible on its face, and it should therefore be dismissed.

Similarly, Plaintiffs' claim in their Response that there was an overarching contract to obtain the property with clear, marketable title is not plausible on its face after an analysis of Plaintiffs' Complaint. Plaintiffs argue that based on their allegation that Kearney and the RE/MAX Extreme Defendants failed to pay off the lien and failed to deliver clear and marketable title, and based on the allegation that Plaintiffs satisfied Plaintiffs' obligations under an Assignment, Note, and RE/MAX Option Agreement, that they had somehow alleged an overarching intent to become contractually obligated. (Response, 8-9.) Even when viewed in the light most favorable to Plaintiffs, those allegations do not lead to the conclusion that a contract existed between the RE/MAX Extreme Defendants. Instead, those allegations imply that the Plaintiffs had agreed to an Assignment, a Note, and an Option Agreement, and that they did not receive clear and marketable title. The contention in Plaintiffs' Response that there was an overarching contract is not supported by the allegations in the Complaint, and it is not plausible on its face. Consequently, Plaintiffs' cause of action for breach of contract should be dismissed pursuant to 12(b)(6).

With respect to Plaintiffs' claim for breach of the covenant of good faith and fair dealing, Plaintiffs appear to argue in their Response that the contract underlying the claim was based

on a promise to secure marketable title in exchange for a promised commission.[3] (Response, 11: 1-4.)  Plaintiffs cited to Complaint paragraphs 31 and 278-279 in support of that position, yet none of those paragraphs contain any allegation that the Plaintiffs promised a commission in exchange for a promise to obtain such title.[4]  Given that, Plaintiffs have still failed to allege an underlying contract that could serve as the basis for a claim for breach of the covenant of good faith and fair dealing.

Plaintiffs argue that they do not even have to allege the *breach* of a contract to maintain a claim for breach of the covenant of good faith and fair dealing.  That argument misses the point.  It may not be necessary to allege an act that constitutes an actual breach of the contract; however, for a plaintiff to be entitled to relief for breach of the covenant of good faith and fair dealing, there must be a contract that gives

---

[3] It should be noted that the Complaint only explicitly refers to the Option Agreement in the section on breach of the covenant of good faith and fair dealing, which as discussed in the Motion to Dismiss, the RE/MAX Extreme Defendants were not a party to. Consequently, the Option Agreement cannot serve as the basis for their claim for breach of the covenant of good faith and fair dealing.

[4] Typically, commissions are not paid for by the buyer of a property; rather, they are paid by the seller pursuant to the seller's arrangement with the listing broker.  When commissions are paid by the buyer, they are generally paid pursuant to a written buyer's brokers agreement that specifies the specific percentage to be paid and that obligates both parties. Plaintiffs have not alleged the existence of such a buyer's brokerage agreement here.  Given that, simply alleging that Plaintiffs received a commission does not imply that the commission was consideration for a contract.  Consequently, Plaintiffs' assertion is incorrect that it "in order to be entitled to receive those commissions, the Reed Defendants were contractually obligated to perform for Plaintiffs." (Response, 9: 14-17.)

rise to the covenant of good faith and fair dealing in the first place. See *Hilton Hotels Corp. v. Butch Lewis Productions, Inc.*, 109 Nev. 1043, 1046, 862 P.2d 1207, 1209 (1993) (the duty of good faith and fair dealing arises between the *contracting parties* to a contract). Since Plaintiffs have failed to plead the existence of a contract between the RE/MAX Extreme Defendants and Plaintiffs, Plaintiffs have failed to plead a claim for breach of the covenant of good faith and fair dealing that is plausible on its face. Consequently, dismissal of the claim for breach of the covenant of good faith and fair dealing is appropriate.

It should be noted that Plaintiffs argue that the RE/MAX Extreme Defendants are inviting the Court to construe the pleadings so narrowly as to be "utterly unreasonable." (Response, 11: 17-19.) The RE/MAX Extreme Defendants are not requesting the pleadings to be construed so narrowly; rather, the RE/MAX Extreme Defendants are requesting that the Court review the factual allegations of the Complaint to determine whether the particular causes of action at issue plausibly give rise to an entitlement to relief on those claims as required by *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A review of the factual, non-legal allegations in the Complaint, shows that the claims for breach of fiduciary duty, breach of contract, and breach of the covenant of good faith and fair dealing are not plausible, and should be dismissed pursuant to Rule 12(b)(6).

### III.

### CONCLUSION

Dismissal of Plaintiffs' Twenty-Third Cause of Action for Breach of Fiduciary Duties for failure to state a claim upon

which relief may be granted is appropriate because licensees are not required to comply with common law fiduciary duties; instead, they are subject to the duties set forth in NRS Chapter 645. Dismissal of Plaintiffs' Twenty-Sixth Cause of Action for Breach of Contract is also appropriate because Plaintiffs have failed to a plead facts sufficient to support a claim for breach of contract that is plausible on its face. Dismissal of Plaintiffs' Twenty-Seventh Cause of Action for Breach of the Duty of Good Faith and Fair Dealing is appropriate because Plaintiffs have not alleged the existence of a contract that could give to the covenant. Consequently, the RE/MAX Extreme Defendants respectfully request that Plaintiffs' Twenty-Third Cause of Action for Breach of Fiduciary Duties, Plaintiffs' Twenty-Sixth Cause of Action for Breach of Contract, and Plaintiffs' Twenty-Seventh Cause of Action for Breach of the Duty of Good Faith and Fair Dealing be dismissed pursuant to Rule 12(b)(6).

DATED this 11th day of January, 2010.

OLSON, CANNON, GORMLEY & DESRUISSEAUX

By   /s/ Michael E. Stoberski
MICHAEL E. STOBERSKI, ESQ.
Nevada Bar No. 004762
ZACHARY J. THOMPSON, ESQ.
Nevada Bar No. 011001
9950 West Cheyenne Avenue
Las Vegas, Nevada  89129
Attorneys for Defendants RE/MAX EXTREME, EDWARD C. REED and BARBARA P. REED

**CERTIFICATE OF SERVICE VIA EFP PROGRAM**

I hereby certify that on this __11th__ day of January, 2010, I did serve, via the Court's CM/ECF System, a copy of the above and foregoing DEFENDANTS RE/MAX EXTREME, EDWARD C. REED AND BARBARA P. REED'S REPLY TO RESPONSE MOTION TO DISMISS PLAINTIFFS' COMPLAINT:

>   Steven A. Gibson, Esq.
>   J. Scott Burris, Esq.
>   GIBSON LOWRY BURRIS, LLP
>   7201 West Lake Mead Boulevard, Suite 503
>   Las Vegas, Nevada 89128
>   702-541-7899 fax
>   Attorneys for Plaintiffs

>                               /s/ Andrea Flintz
>                     An employee of OLSON, CANNON,
>                     GORMLEY & DESRUISSEAUX

Law Offices of
OLSON, CANNON, GORMLEY & DESRUISSEAUX
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701