UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TAI-SI KIM and JIN-SUNG HONG,

        Plaintiffs,

v.

ADAM B. KEARNEY, et al.,

        Defendants.

2:09-CV-02008-PMP-PAL

<u>ORDER</u>

        Presently before the Court is Defendant Alverson, Taylor, Mortensen & Sanders' Motion to Strike Plaintiffs' First Amended Complaint (Doc. #37), filed on March 15, 2010. Plaintiffs filed an Opposition (Doc. #50) on April 1, 2010. Defendant filed a Reply (Doc. #56) on April 12, 2010.

        Also before the Court is Defendant First American Title Insurance Company's Motion to Strike First Amended Complaint (Doc. #38), filed on March 15, 2010. Plaintiffs filed an Opposition (Doc. #51) on April 1, 2010. Defendant filed a Reply (Doc. #54) on April 9, 2010.

        Also before the Court is proposed defendant Valley Foreclosure Services' Motion for Summary Judgment (Doc. #45/#46), filed on March 29, 2010. Plaintiffs filed an Opposition (Doc. #72) on May 11, 2010. Proposed defendant Valley Foreclosure Services did not file a reply.

        Also before the Court is Plaintiffs' Motion for Leave to File First Amended Complaint and to Add Parties (Doc. #55), filed on April 9, 2010. Defendant Alverson, Taylor, Mortensen & Sanders filed an Opposition (Doc. #63) on April 26, 2010. Defendant

First American Title Insurance Company filed an Opposition (Doc. #64) on April 26, 2010. Plaintiffs filed Replies (Doc. #70, #71) on May 6, 2010.

Also before the Court is proposed defendant Cumorah Credit Union's Motion to Dismiss (Doc. #57) and Motion to Strike Plaintiffs' Claims for Punitive Damages (Doc. #59), filed on April 12, 2010.  Plaintiffs Filed an Opposition (Doc. #73) on May 14, 2010. Proposed defendant Cumorah Credit Union filed a Reply (Doc. #74) on May 24, 2010.

## I. BACKGROUND

The Court set forth the factual predicate for this action in another Order filed contemporaneously herewith, and the Court will not repeat the facts here except where necessary.  Generally, Plaintiffs' claims arise out of a real estate transaction in which Plaintiffs contend they were duped into paying for an investment property ("the Property") which Defendant Adam Kearney ("Kearney") encumbered with a loan by proposed defendant Cumorah Credit Union ("Cumorah").  Kearney was to have turned over the Property to Plaintiffs free and clear of any liens, including the Cumorah lien, upon Plaintiffs exercising an option to buy the Property.  Kearney initially did not transfer the Property to Plaintiffs despite taking Plaintiffs' payment in cash, and did not pay off the Cumorah loan even after he transferred the Property to Plaintiffs.  Cumorah eventually foreclosed on the Property, leaving Plaintiffs without the Property and without the cash they invested therein.

Plaintiffs filed suit in this Court on October 15, 2009, asserting claims against Kearney and others involved in the transaction and its aftermath.  Several Defendants moved to dismiss the claims against them.  Plaintiffs subsequently filed a First Amended Complaint (Doc. #29) without leave of the Court, adding several new Defendants and clarifying allegations against the original Defendants.  Defendants Alverson, Taylor, Mortensen & Sanders ("ATM&S") and First American Title Insurance Company ("First American") filed motions to strike the First Amended Complaint.  In the meantime, one of the new proposed defendants, Valley Foreclosure Services ("VFS"), moved for summary

judgment on the First Amended Complaint's claims against it. Plaintiffs thereafter filed a motion for leave to amend the Complaint in response to the motions to strike. Following Plaintiffs' motion to amend, proposed new defendant Cumorah filed a motion to dismiss and to strike aimed at the proposed First Amended Complaint. Given the procedural posture, the Court will deny the motions to strike filed by Defendants ATM&S and First American as moot, and will treat the motions by VFS and Cumorah as oppositions to Plaintiffs' motion to amend on the grounds of futility.

## I. LEGAL STANDARD

Generally, a plaintiff may amend his or her complaint once "as a matter of course" within twenty-one days after serving it, or twenty-one days after service of a responsive pleading or motion. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.; see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). The Court considers five factors in deciding whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (citing Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)). The futility analysis determines whether the proposed amendment would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6). Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, the Court does not necessarily assume the truth of legal conclusions

1    merely because they are cast in the form of factual allegations in the plaintiff's complaint.
2    See Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  There is a
3    strong presumption against dismissing an action for failure to state a claim.  Ileto v. Glock
4    Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).  A plaintiff must make sufficient factual
5    allegations to establish a plausible entitlement to relief.  Bell Atl. Corp. v Twombly, 550
6    U.S. 544, 556 (2007).  Such allegations must amount to "more than labels and conclusions,
7    [or] a formulaic recitation of the elements of a cause of action." Id. at 555.  However, a
8    complaint "need not identify the statutory or constitutional source of the claim raised in
9    order to survive a motion to dismiss." Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008).

**A.  Alverson, Taylor, Mortensen & Sanders**

11   Defendant ATM&S opposes Plaintiffs' motion to amend, arguing that Plaintiffs
12   knew the facts supporting their amendment when they filed the original Complaint.
13   Additionally, ATM&S contends that the new allegations demonstrate ATM&S did not
14   proximately cause Plaintiffs' injuries because Plaintiffs hired counsel after ATM&S
15   provided services, and his alleged negligence is a superseding cause of Plaintiffs' injuries.
16   Plaintiffs respond that they did not know some of the facts supporting
17   amendment until First American Title Insurance Company filed its motion to dismiss,
18   which caused Plaintiffs to investigate their claims further.  Plaintiffs further contend that
19   they also in good faith addressed some of the concerns Defendants raised in prior motions
20   to dismiss.
21   The Court will not deny leave to amend based on the argument that Plaintiffs
22   should have known about the facts supporting amendment previously.  Plaintiffs have
23   indicated that Defendants' motions to dismiss alerted Plaintiffs to facts which they
24   subsequently investigated to support the new claims against the new proposed Defendants.
25   Plaintiffs also explain that they made clarifying allegations in response to Defendants'
26   motions.

As to whether Plaintiffs' allegations regarding the negligence of Plaintiffs' subsequent attorney is a superseding cause relieving ATM&S of liability as a matter of law, the Court will not deny amendment. Which Defendants proximately caused Plaintiffs' injuries is a question of fact not suitable to resolution at this stage of the proceedings. Plaintiffs may plead their claims against ATM&S and the subsequently-retained counsel in the alternative. Fed. R. Civ. P. 8(d).

**B. First American Title Insurance Company**

Defendant First American Title Insurance Company ("First American") opposes Plaintiffs' motion to amend, arguing that Plaintiffs have not cured the deficiencies First American identified in relation to Plaintiffs' claims other than to add a factual allegation in relation to the alleged misrepresentation made by First American employee, Defendant Gina Thomas. First American argues that because some of the claims are futile and subject to a motion to dismiss, the Court should not allow amendment until it first addresses First American's motion to dismiss the original Complaint.

Plaintiffs respond that they did not know some of the facts supporting amendment until First American filed its motion to dismiss, which caused Plaintiffs to investigate their claims further. Plaintiffs further contend that they also in good faith addressed some of the concerns Defendants raised in prior motions to dismiss.

As just discussed, Plaintiffs have indicated that Defendants' motions to dismiss alerted Plaintiffs to facts which they subsequently investigated to support the new claims against the new proposed Defendants. Plaintiffs also explain that they made clarifying allegations in response to Defendants' motions. However, Defendant First American is correct that Plaintiffs have not cured the deficiencies associated with several causes of action against Defendant First American. The Court will not deny Plaintiffs leave to file the proposed first amended complaint as it stands. However, if Plaintiffs file the proposed first amended complaint as it stands, the Court will deny amendment as to those claims which

the Court identified as deficient in the Order filed contemporaneously herewith, and will grant dismissal of those claims with prejudice.  If Plaintiffs still seek to preserve those claims, Plaintiffs must file a second amended complaint within thirty (30) days of the date of this Order which cures the deficiencies identified in the Court's other Order.

**C.  VFS**

Proposed defendant VFS moves for summary judgment, and thus opposes amendment, on the four counts asserted against it: counts thirty-six (wrongful foreclosure), thirty-seven (conversion), thirty-nine (slander of title), and forty (quiet title).  VFS argues that Plaintiffs' wrongful foreclosure claim is untimely under the relevant statute, and in any event, Cumorah was entitled to foreclose because Kearney defaulted on the loan.  VFS contends a conversion claim only applies to personal property, not real property.  As to slander of title, VFS argues Plaintiffs were aware of the Cumorah lien and Cumorah had a valid deed trust on the Property, and thus there was no false utterance regarding the Property.  As to the quiet title claim, VFS argues that although the claim's caption identifies VFS as a defendant on this claim, VFS does not claim title to the Property, as the trustee's deed grants title only to Cumorah.

Plaintiffs respond that VFS was not entitled to exercise any powers under the applicable statutory authority because Plaintiffs owned the Property free and clear of Cumorah's lien when they took the Property without notice of Cumorah's lien in June 2006. Plaintiffs contend that when an alleged trustee lacks authorization to conduct a sale, the trustee is not entitled to a statute of limitations defense.  As to conversion, Plaintiffs respond that if VFS disposed of personal property, such as fixtures, VFS is liable for conversion, and Plaintiffs need to depose VFS and Cumorah to make this determination. As to slander of title Plaintiffs contend a genuine issue of fact remains as to whether Plaintiffs were bone fide purchasers who took without notice of Cumorah's pending lien. As to the quiet title claim, Plaintiffs agree to dismiss this claim against VFS if VFS claims

no rights in the Property.  Plaintiffs further argue that VFS's motion is premature because Plaintiffs need discovery to determine whether it was VFS or Cumorah which induced Plaintiffs' prior counsel to drop them as defendants from a prior complaint.

### 1.  Wrongful Foreclosure

Under Nevada law, a plaintiff successfully pleads a wrongful foreclosure claim if he alleges "that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983).  Under the relevant statutory authority, a court may declare a foreclosure sale void under certain conditions, but any action to void the sale must be brought either within 90 days after the date of the sale for persons with notice of the foreclosure, or within 120 days after the date on which the person received actual notice of the sale if proper notice was not provided pursuant to the statute.  Nev. Rev. Stat. § 107.080(5), (6).

Plaintiffs do not dispute that they had notice of the foreclosure sale and did not bring their lawsuit against VFS within ninety days of the sale.  Plaintiffs provide no authority for the proposition that a trustee who lacks authorization to exercise a power of sale is not entitled to a statute of limitations defense.  The Court therefore will deny Plaintiffs leave to amend to add a wrongful foreclosure claim against VFS.

### 2.  Conversion

In Nevada, conversion is "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." Evans v. Dean Witter Reynolds, Inc., 5 P.3d 1043, 1048 (Nev. 2000) (quotation omitted).  Whether the defendant converted the plaintiff's property generally is a question of fact.  Id.

///

Plaintiffs do not dispute that conversion applies only to personal property, not real property.  However, Plaintiffs contend VFS may have converted Plaintiffs' personal property located on the real property when it was sold.  Plaintiffs have not made any factual allegations supporting this claim.  Although Plaintiffs contend they need to depose VFS and Cumorah to determine whether either entity converted Plaintiffs' property, Plaintiffs should be aware of facts regarding whether they had any personal property on their real property when it was sold.  The Court therefore will deny Plaintiffs leave to amend to add this claim as it stands in the proposed first amended complaint, but will grant leave to amend to add factual allegations in support of this claim.  If Plaintiffs still seek to preserve this claim, Plaintiffs must file a second amended complaint within thirty (30) days of the date of this Order which cures the deficiencies identified in this Order.

### 3.  Slander of Title

In Nevada, to allege a slander of title claim, the plaintiff must allege that "the words spoken were false, that they were maliciously spoken, and that the plaintiff sustained some special pecuniary damages as a direct and natural result of their having been spoken." Summa Corp. v. Greenspun, 607 P.2d 569, 573 (Nev. 1980).  Recording a false document satisfies the first element, and "a deed of trust which should have been cancelled is such a false document." Id.  Allegations that the defendant knew the statement was false or acted in reckless disregard of its truth or falsity will satisfy the malice requirement. Rowland v. Lepire, 662 P.2d 1332, 1335 (Nev. 1983).  "The special pecuniary damage is that which directly and immediately results from the impairment of the vendability of the land caused by the publication of the disparaging matter." Summa Corp., 607 P.2d at 573.

Plaintiffs allege the Cumorah's deed of trust identified the wrong property, both by the metes and bounds description and by parcel number, and Plaintiffs affirmatively were told that the Cumorah lien had been satisfied.  Plaintiffs thus assert they took the Property as bona fide purchasers without notice.  Plaintiffs also allege VFS and Cumorah

8

were aware of the potential for a mistake regarding the lien's status with respect to the Property, because Cumorah recorded a corrected version of its lien after Plaintiffs acquired the Property, yet VFS and Cumorah forged ahead with the foreclosure, and Plaintiffs suffered damages as a result. Plaintiffs adequately have alleged a slander of title claim, and the Court will grant leave to amend to add this claim.

### 4. Quiet Title

Plaintiffs have agreed not to assert this claim against VFS, as VFS has disclaimed it asserts an interest in the Property. The Court therefore will deny leave to amend to add this claim against VFS.

### D. Cumorah

Proposed defendant Cumorah moves to dismiss, and thus opposes amendment, as to counts thirty-six (wrongful foreclosure), thirty-seven (conversion), thirty-nine (slander of title), and forty (quiet title). Cumorah argues Plaintiffs' wrongful foreclosure claim is untimely. Cumorah further argues that even if this claim were timely, Cumorah was entitled to foreclose because Kearney did not perform his obligations on the loan. Cumorah also argues Cumorah's conduct was not the proximate cause of Plaintiffs' injuries for its wrongful foreclosure, slander of title, and quiet title claims. Cumorah further argues the conversion claim fails because conversion applies only to personal property, not real property. Finally, Cumorah argues Plaintiffs' allegations do not support a request for punitive damages as against Cumorah.

Plaintiffs respond that Plaintiffs are bona fide purchasers who have owned the Property since they took it without notice of Cumorah's continuing lien on the Property in June 2006. Plaintiffs further contend that because Cumorah ignored warning signs that it may have lost its foreclosure rights due to its failure to record its deed of trust with an accurate description of the Property, Plaintiffs have alleged facts supporting punitive damages. As to their claims for slander of title and quiet title, Plaintiffs argue that Cumorah

did not make any arguments as to why these two claims should be dismissed other than to argue that because the wrongful foreclosure claim must be dismissed, so must these two claims. Finally, as to conversion, Plaintiffs argue that if Cumorah disposed of any of Plaintiffs' personal property, such as fixtures, then Plaintiffs have a viable conversion claim. Plaintiffs contend they need to depose VFS and Cumorah to make this determination.

### 1. Wrongful Foreclosure

As discussed above, this claim is untimely. The Court therefore will deny leave to amend to add this claim against Cumorah.

### 2. Conversion

As discussed above, Plaintiffs do not dispute that conversion applies only to personal property, not real property. However, Plaintiffs contend Cumorah may have converted Plaintiffs' personal property located on the real property when it was sold. Plaintiffs have not made any factual allegations supporting this claim. Although Plaintiffs contend they need to depose VFS and Cumorah to determine whether either of these entities converted Plaintiffs' property, Plaintiffs should be aware of facts regarding whether they had any personal property on their real property when it was sold. The Court therefore will deny Plaintiffs leave to amend to add this claim as it stands in the proposed first amended complaint, but will grant leave to amend to add factual allegations in support of this claim. If Plaintiffs still seek to preserve this claim, Plaintiffs must file a second amended complaint within thirty (30) days of the date of this Order which cures the deficiencies identified in this Order.

### 3. Slander of Title

As set forth above, Plaintiffs have alleged a slander of title claim. The Court therefore will grant Plaintiffs leave to amend to add this claim.

///

### 4. Quiet Title

A plaintiff asserting a quiet title claim must allege that the defendant is unlawfully asserting an adverse claim to title to real property. Union Mill v. Mining Co. v. Warren, 82 F. 519, 520 (D. Nev. 1897); Clay v. Cheeline Banking & Trust Co., 159 P. 1081 (Nev. 1916). To prevail in a quiet title action, the plaintiff must establish "good title in himself." Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev. 1996).

Under Nevada law, "[e]very conveyance of real property within this State . . . which shall not be recorded as provided in this chapter, shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real property, or any portion thereof, where his or her own conveyance shall be first duly recorded." Nev. Rev. Stat. § 111.325. A bona fide purchaser is under a duty of inquiry when "the circumstances are such that a purchaser is in possession of facts which would lead a reasonable man in his position to make an investigation that would advise him of the existence of prior unrecorded rights." Berge v. Fredericks, 591 P.2d 246, 249 (Nev. 1979).

Cumorah argues that because it was entitled to foreclose after Kearney failed to pay off the loan, Plaintiffs have no wrongful foreclosure claim and thus no right to a quiet title claim. However, Plaintiffs allege they are bona fide purchasers who were unaware of the Cumorah loan. Although Cumorah argues Plaintiffs' own allegations show they had actual notice of the Cumorah lien, Plaintiffs contend they did not have notice that the Cumorah loan had not been repaid, and in fact had been assured the loan was satisfied and the lien no longer encumbered the Property. Cumorah contends Plaintiffs were aware or should have been aware that the lien still encumbered the Property because they did not receive a payoff statement at escrow. Whether Plaintiffs actually were on notice or should have investigated further are questions not suitable for resolution at this stage of the proceedings. Plaintiffs have alleged facts supporting a quiet title claim and the Court

therefore will grant Plaintiffs leave to amend to add this claim.[1]

### 5. Motion to Strike Punitive Damages

Cumorah moves to strike Plaintiffs' request for punitive damages. Evidence that a defendant ignored warning signs of a potential mistake regarding its ability to foreclose and proceeded with the foreclosure in the face of those warning signs may suffice to support punitive damages. Countrywide Home Loans, Inc. v. Thitchener, 192 P.3d 243, 255 (Nev. 2008). Here, Plaintiffs allege Cumorah had warning signs that it did not have authority to foreclose on the Property due to errors in the recorded deed of trust, yet it proceeded with the foreclosure anyway. Given these allegations, the Court will not strike the request for punitive damages at this stage of the proceedings.

## V. CONCLUSION

IT IS THEREFORE ORDERED that Defendant Alverson, Taylor, Mortensen & Sanders' Motion to Strike Plaintiffs' First Amended Complaint (Doc. #37) is hereby DENIED as moot.

IT IS FURTHER ORDERED that Defendant First American Title Insurance Company's Motion to Strike First Amended Complaint (Doc. #38) is hereby DENIED as moot.

IT IS FURTHER ORDERED that proposed defendant Valley Foreclosure Services' Motion for Summary Judgment (Doc. #45/#46) is hereby GRANTED in part and DENIED in part. The motion is granted in that the Court will (1) deny Plaintiffs leave to amend to add a wrongful foreclosure claim against Valley Foreclosure Services, (2) deny Plaintiffs leave to amend to add a quiet title claim against Valley Foreclosure Services, and (3) deny Plaintiffs leave to amend to add the conversion claim as it presently is stated. The

---

[1] Defendant Cumorah argues for the first time in reply that because the wrongful foreclosure claim is untimely, so are Plaintiffs' other claims related to the foreclosure. The Court declines to consider this argument raised for the first time in the reply brief, as Plaintiffs have not had an opportunity to respond. Carstarphen v. Milsner, 594 F. Supp. 2d 1201, 1204 n.1 (D. Nev. 2009).

12

1  motion is denied in that the Court will (1) grant Plaintiffs leave to amend to add the slander
2  of title claim as stated in the proposed first amended complaint, and (2) grant Plaintiffs
3  leave to file a second amended complaint adding factual allegations to support a conversion
4  claim.
5      IT IS FURTHER ORDERED that proposed defendant Cumorah Credit Union's
6  Motion to Dismiss (Doc. #57) is hereby GRANTED in part and DENIED in part.  The
7  motion is granted in that the Court will (1) deny Plaintiffs leave to amend to add a wrongful
8  foreclosure claim against Cumorah Credit Union, and (2) deny Plaintiffs leave to amend to
9  add the conversion claim as it presently is stated.  The motion is denied in that the Court
10 will (1) grant Plaintiffs leave to amend to add the slander of title and quiet title claims as
11 stated in the proposed first amended complaint, and (2) grant Plaintiffs leave to file a
12 second amended complaint adding factual allegations to support a conversion claim.
13     IT IS FURTHER ORDERED that proposed defendant Cumorah Credit Union's
14 Motion to Strike Plaintiffs' Claims for Punitive Damages (Doc. #59) is hereby DENIED.
15     IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File First
16 Amended Complaint and to Add Parties (Doc. #55) is hereby GRANTED in part and
17 DENIED part.  Plaintiffs may elect to stand on the proposed first amended complaint.
18 Alternatively, Plaintiffs may file a second amended complaint within thirty (30) days of the
19 date of this Order correcting the deficiencies identified in this Order and the Order filed
20 contemporaneously herewith.

22 DATED: August 29, 2010

23                              _____
24                              PHILIP M. PRO
                                United States District Judge