UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TAI-SI KIM and JIN-SUNG HONG,

        Plaintiffs,

v.

ADAM B. KEARNEY, et al.,

        Defendants.

2:09-CV-02008-PMP-PAL

<u>ORDER</u>

Presently before the Court is Defendant Cumorah Credit Union's Motion for FRCP 54(b) Certification and Cancellation of Lis Pendens (Doc. #222), filed on February 10, 2012.  Plaintiffs filed an Opposition (Doc. #226) on February 27, 2012.  Defendant Cumorah Credit Union filed a Reply (Doc. #234) on March 5, 2012.

Defendant Cumorah Credit Union ("Cumorah") moves for certification of final judgment under Federal Rule of Civil Procedure 54(b) and requests the Court expunge the lis pendens on the subject property.  Plaintiffs do not oppose Rule 54(b) certification, but oppose Cumorah's request to expunge the lis pendens.  Plaintiffs contend they are likely to prevail on appeal, or at least have a fair chance of success and would suffer greater hardship than Cumorah if the Court expunged the lis pendens.

The parties contend certification under Rule 54(b) is appropriate, and the Court agrees.  Although Plaintiffs have remaining claims against other parties in this action, there is no just reason for delay in entering final judgment as between Cumorah and Plaintiffs. Plaintiffs' claims against the remaining Defendants sound in negligent undertaking, misrepresentations, unjust enrichment, constructive fraud, and legal malpractice arising out

1  of those parties' acts in relation to Plaintiffs' purchase of the subject property.  In contrast,
2  Plaintiffs' claims against Cumorah were related to whether Cumorah properly foreclosed on
3  the property and to quiet title in the property.  Although any appeals in this case would raise
4  the same factual background, the legal issues to be resolved are separate and distinct.
5  Further, delay would prejudice Cumorah where Plaintiffs recently have added another
6  Defendant, and thus trial will be delayed even further in this matter.

As to the lis pendens, under Nevada law, a party who records a notice of lis pendens bears the burden of establishing either:

> (a) That the party who recorded the notice is likely to prevail in the action; or
> (b) That the party who recorded the notice has a fair chance of success on the merits in the action and the injury described in paragraph (d) of subsection 2 would be sufficiently serious that the hardship on him or her in the event of a transfer would be greater than the hardship on the defendant resulting from the notice of pendency, and that if the party who recorded the notice prevails he or she will be entitled to relief affecting the title or possession of the real property.

Nev. Rev. Stat. § 14.015(3).  If the Court finds that the party has not met this burden, the Court "shall order the cancellation of the notice of pendency and shall order the party who recorded the notice to record with the recorder of the county a copy of the order of cancellation.  The order must state that the cancellation has the same effect as an expungement of the original notice."  Id. § 14.015(5).

Plaintiffs have not established they are likely to prevail or that they have a fair chance of success on the merits on appeal.  Plaintiffs have not addressed two of the three reasons upon which this Court granted summary judgment in Cumorah's favor, and thus have provided no basis for the Court to conclude Plaintiffs have a fair chance of success on the merits, much less a likelihood of success.  The Court therefore will grant Cumorah's Motion and will order cancellation of the notice of lis pendens.

///
///

1       IT IS THEREFORE ORDERED that Defendant Cumorah Credit Union's Motion for FRCP 54(b) Certification and Cancellation of Lis Pendens (Doc. #222) is hereby GRANTED.

       IT IS FURTHER ORDERED that the notice of lis pendens filed by Plaintiffs on the subject property is hereby cancelled.  Plaintiffs shall record with the recorder of the county a copy of this Order of cancellation within twenty (20) days of the date of this Order. This cancellation has the same effect as an expungement of the original notice.

DATED:  March 21, 2012

_____
PHILIP M. PRO
United States District Judge