UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAE-SI KIM and JIN-SUNG HONG, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ADAM B. KEARNEY, et al., ) <br> ) <br> Defendants. ) | 2:09-CV-02008-PMP-PAL <br><br> ORDER |

Before the Court is Plaintiffs' Motion for Entry of Default Judgment Against Defendant Mr. Adam B. Kearney (Doc. #253). No opposition has been filed. This Court previously held a hearing on Plaintiffs' Motion to Enforce the Settlement Agreement (Doc. #218), at which time the Court reinstated Plaintiffs' claims against Defendant Adam B. Kearney ("Kearney") and directed Plaintiffs to file a motion for default judgment by May 16, 2012. (Mins. of Proceedings (Doc. #247).)

Where, as here, a party has made an appearance in the case, the Court, rather than the clerk of court, decides whether to enter the default judgment. Fed. R. Civ. P. 55(b)(2). Whether to grant a default judgment lies within the Court's discretion. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). In deciding whether to enter a default judgment, the Court considers factors such as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.  A default judgment generally is disfavored because "[c]ases should be decided upon their merits whenever reasonably possible."  Id. at 1472.

Default judgment is appropriate under the circumstances in this case.  Plaintiffs pursued their claims against Kearney, who settled those claims but then reneged on his obligations under the settlement agreement.  Paragraph four of the settlement agreement provided for reinstatement of Plaintiffs' claims against Kearney should he violate the agreement.  (Settlement Agreement (Doc. #248).)  Kearney has failed to participate in this action despite Plaintiffs' efforts to enforce the settlement agreement and reinstate their claims against him.  The Complaint sufficiently sets forth Plaintiffs' claims and Plaintiffs' claims have substantive merit based on deposition testimony in the case.   Although the sum of money at stake in the action is substantial, it is undisputed Plaintiffs expended those funds for the property.

There is no evidence that Kearney's default in this action is due to excusable neglect.  Kearney previously participated in defending this action and actively engaged in settlement negotiations with Plaintiffs, culminating in a settlement in January 2011.  Despite failing to meet his obligations under the settlement agreement, being sent notice of Plaintiffs' attempts to enforce the settlement agreement, and being sent notice of the present motion for default judgment, Kearney has not responded.  Entry of a default judgment therefore is appropriate.

As to the amount of the judgment, Plaintiffs paid a total of $464,384.00 for the property.  (Order (Doc. #213) at 3, 6-7.)  Plaintiffs also request treble that amount in punitive damages pursuant to Nevada Revised Statutes § 42.005 because Kearney made fraudulent misrepresentations to Plaintiffs.  However, under § 42.005(1), a plaintiff must establish fraud by clear and convincing evidence to be awarded punitive damages.  Plaintiffs have attached Kearney's deposition testimony in which he admits he is partially responsible for Plaintiffs' loss.  (Pls.' Mot. for Default J. (Doc. #253), Ex. 1 at 69.)

However, Plaintiffs present no evidence that Kearney admitted he engaged in fraud or made any misrepresentations to Plaintiffs. Plaintiffs present no other evidence supporting an award of punitive damages. The Court therefore will not award punitive damages as part of the default judgment. Any request for costs or attorney's fees may be made post-judgment under the appropriate Local Rules.

      IT IS THEREFORE ORDERED that Plaintiffs' Motion for Entry of Default Judgment Against Defendant Mr. Adam B. Kearney (Doc. #253) is hereby GRANTED. Judgment is hereby entered in favor of Plaintiffs Tae-Si Kim and Jin-Sung Hong and against Defendant Adam B. Kearney in the amount of $464,384.00.

DATED: May 30, 2012

_____
PHILIP M. PRO
United States District Judge