UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAE-SI KIM and JIN-SUNG HONG, | |
| Plaintiffs, | 2:09-CV-02008-PMP-PAL |
| v. | |
| ADAM B. KEARNEY, et al., | ORDER |
| Defendants. | |

Before the Court is Defendant Cumorah Credit Union's ("Cumorah") Bill of Costs (Doc. #219), filed on February 6, 2012. Plaintiffs filed an Objection (Doc. #224) on February 24, 2012. Cumorah filed a Reply (Doc. #228) on March 2, 2012. On April 25, 2012, Cumorah filed a Request for Submission of Briefings Regarding Defendant Cumorah Credit Union's Bill of Costs (Doc. #250).

Cumorah submitted a Bill of Costs requesting a total of $31,284.25. Plaintiffs object to Cumorah's Bill of Costs. Plaintiffs contend the Court should not award costs until Plaintiffs' appeal of the Court's ruling in favor of Cumorah is resolved. Plaintiffs also argue the Court should deny costs because Plaintiffs have limited financial resources, the case was complex, Plaintiffs' claims had merit, and Plaintiffs brought their claims in good faith. Finally, Plaintiffs argue that even if the Court is inclined to award costs, Cumorah's Bill of Costs is objectionable because it includes non-taxable or unreasonable costs.

Cumorah responds that Plaintiffs bear the burden of establishing costs should not be awarded, and they have failed to do so here. Cumorah also argues that its claimed costs were necessary and reasonable.

Federal Rule of Civil Procedure 54(d) provides that the Court should allow costs to the prevailing party unless a federal statute, a Federal Rule of Civil Procedure, or a court order provides otherwise.  Rule 54(d) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican-Am. Educators v. Cal., 231 F.3d 572, 591 (9th Cir. 2000) (en banc).  If the Court denies costs to the prevailing party, it must specify its reasons for doing so.  Id.  Reasons which may support a denial of costs include the losing party's limited financial resources, misconduct by the prevailing party, the importance or complexity of the issues, the merit of the losing party's case, the chilling effect on future civil rights litigants, only nominal or partial victory by the prevailing party, the losing party's good faith, and the prevailing party's failure to comply with the local rules.  See Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010); Save Our Valley v. Sound Transit, 335 F.3d 932, 945-46 (9th Cir. 2003); Ass'n of Mexican-Am. Educators, 231 F.3d at 592.  The losing party bears the burden of showing why the Court should not award costs.  Save Our Valley, 335 F.3d at 945.

The Court will not delay a decision on the award of costs pending the appeal. Plaintiffs have failed to present evidence or argument sufficient to overcome the presumption that costs should be awarded.  Further, the Court has certified the Judgment in this action, and it would conserve judicial resources to consider the appeal on the merits with any appeal on costs.  (Order (Doc. #239).)

The Court will overrule Plaintiffs' objections to the interpreter costs.  Although Plaintiffs contend $390.00 in costs were caused by Cumorah's failure to provide adequate certification of the interpreter at the first scheduled deposition of Plaintiff Tae-Si Kim, Plaintiffs provide no evidence to that effect.  Plaintiffs also challenge the overall amount as excessive but provide no evidence of a reasonable rate for a Korean interpreter in Nevada.
///

The Court will affirm in part and overrule in part Plaintiffs' objections to Cumorah's charges for service of subpoenas.  The Court will affirm Plaintiffs' objection to Cumorah's charge for attempted service of a subpoena on Defendant Adam B. Kearney ("Kearney") in September 2010 in the amount of $99.00.  A subpoena was not necessary to secure Kearney's attendance at his own deposition while he was a party to this action.  See Jules Jordan Video, Inc. v. 144942 Can. Inc., 617 F.3d 1146, 1158 (9th Cir. 2010) ("If a person is a party, a simple notice of deposition is sufficient to compel attendance.").  The Court will overrule Plaintiffs' objections to costs for the service of other subpoenas, as fees for authorized process servers ordinarily are taxable and neither Kearney nor First American Title Company were parties at the time the other subpoenas were served.  See LR 54-2.

The Court will affirm Plaintiffs' objections to the following costs claimed by Cumorah:

1.  $876.05 for rough drafts of deposition transcripts.  Although deposition transcript costs ordinarily are taxable, only one copy is taxable.  See LR 54-4.  Additionally, $1,010.00 in costs associated with a videotaped deposition are not taxable because costs associated with videotaping a deposition are not taxable under Local Rule 54-4 unless otherwise ordered by the Court.

2.  $2,000.00 for printing.  Cumorah does not distinctly set forth the printing costs nor provide itemization or documentation establishing $2,000.00 in printing costs.  See LR 54-1(b).

3.  $45.00 witness fees for First American Title Company's person most knowledgeable.  Pursuant to Local Rule 54-5(a), a witness fee is taxable even if a witness does not testify "if it is shown that the attendance was necessary, but if a witness is not used, the presumption is that the attendance was unnecessary."  Plaintiffs contend, and Cumorah does not dispute, that First American Title Company's person most knowledgeable never was deposed.  Cumorah makes no effort to establish why attendance

nevertheless was necessary.  Additionally, the Court will reduce the witness fee for Kevin Lee to $40.00 in accord with 28 U.S.C. § 1821(b).

    4. $326.25 for research, postage, and Pacer expenses.  Cumorah has provided no documentation to support those charges nor are they taxable under 28 U.S.C. § 1920.

    5. $21 for parking.  Expenses for attending a deposition are not taxable under Local Rule 54-4.

    6. $105 for a late room cancellation fee for a deposition.  This cost is not taxable under Local Rule 54-4.

    7. $2,000.00 for mediation costs.  Cumorah's half of the mediation expenses are not taxable to Plaintiffs under 28 U.S.C. § 1920 or the Local Rules.

    8. Expert witness fees.  Although Cumorah argues it is entitled to compensation for its expert under Nevada Revised Statutes § 18.005(5), federal procedural law governs the taxation of costs, not Nevada's procedural law on the taxation of costs.  Clausen v. M/V NEW CARISSA, 339 F.3d 1049, 1064 (9th Cir. 2003).  Pursuant to 28 U.S.C. § 1920(6), compensation is taxable only for court-appointed experts.  Cumorah's expert was not court-appointed.  Cumorah therefore is entitled only to a basic witness fee in the amount of $40.00 for the expert's attendance at his deposition.  See 28 U.S.C. § 1821(b).

    IT IS THEREFORE ORDERED that Defendant Cumorah Credit Union's Request for Submission of Briefings Regarding Defendant Cumorah Credit Union's Bill of Costs (Doc. #250) is hereby GRANTED.

///
///
///
///
///
///

IT IS FURTHER ORDERED that costs are taxed as follows:

| | |
|---|---|
| Compensation of interpreters: | $1,560.00 |
| Fees for service of subpoena: | $464.00 |
| Fees for printed or electronically recorded transcripts: | $12,558.06 |
| Fees for witnesses: | $80.00 |
| **Total:** | **$14,662.06** |

DATED: May 31, 2012

_____
PHILIP M. PRO
United States District Judge