STEVEN A. GIBSON
Nevada Bar No. 6656
sgibson@dickinsonwright.com
JONATHAN M. A. SALLS
Nevada Bar No. 12085
jsalls@dickinsonwright.com

## DICKINSON WRIGHT PLLC
City Center West
7201 West Lake Mead Boulevard, Suite 503
Las Vegas, Nevada 89128
Telephone 702.541.7888
Facsimile 702.541.7899

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TAE-SI KIM, an individual, and JIN-SUNG HONG, an individual, <br><br>  Plaintiffs, <br>  v. <br><br> ADAM B. KEARNEY, an individual; EDWARD C. REED, an individual; BARBARA R. REED, an individual; BARBIE, LTD., d/b/a RE/MAX EXTREME, a Nevada corporation; FIRST AMERICAN TITLE, a foreign corporation; RE/MAX INTERNATIONAL, INC., a Colorado corporation; GINA THOMAS, an individual; ALVERSON, TAYLOR, MORTENSEN & SANDERS, a Nevada law firm; the Estate of JAMES L. ZEMELMAN, ESQ.; CUMORAH CREDIT UNION, a Nevada non-profit corporation; CHARLES M. DAMUS, ESQ., an individual; VALLEY FORECLOSURE SERVICES, LLC, a Nevada limited-liability company; RICHARD L. TOBLER, ESQ., an individual; and RICHARD L. TOBLER, LTD., a Nevada corporation, <br><br>  Defendants. | Case No.: 2:09-cv-02008-PMP-GWF <br><br> ~~(PROPOSED)~~ <br> **ORDER GRANTING MOTION FOR JUDGMENT DEBTOR EXAMINATION AND TO PRODUCE DOCUMENTS** |

Plaintiffs, Tae-Si Kim ("Ms. Kim") and Jin-Sung Hong ("Mr. Hong"; collectively with Ms. Kim, "Plaintiffs"), by and through their counsel, Dickinson Wright PLLC, having filed Plaintiffs' Motion for Judgment Debtor Examination and to Produce Documents (the "Motion");

this Court having now given due consideration to the Motion as well as all papers, pleadings, and exhibits offered in support thereof by Plaintiffs; and the Court being further advised in the matter, it is therefore:

ORDERED, ADJUDGED and DECREED that Mr. Kearney shall produce documents to Plaintiffs in accordance with the following requests by no later than **Monday, July 16, 2012**.

1. Produce all Tax Documents at any time from January 1, 2003 to the present date.

2. Produce all Financial Documents at any time from January 1, 2003 to the present date.

The following definitions shall apply to the foregoing document requests:

1. "Content" shall mean all material, information, matter, text, software, data, graphics, computer-generated displays and interfaces, images, and works of any nature, including, without limitation, all compilations of the foregoing and all results and/or derivations of the expression of the foregoing.

2. "Document" shall mean all Content embodied in any tangible media, whether in draft, in final, original or reproduction, signed or unsigned, and regardless of whether or not approved, sent, received, redrafted, or executed. "Document" shall exclude exact duplicates when originals are available, but shall include all copies made different from originals by virtue of any writings, notations, symbols, characters, impressions, or any other marks thereon.

3. "Financial Document" shall mean any Document with Content Relating to or referencing any financial activities, financial performance, profits, losses, monetary receipts and/or expenditures published in an aggregated form, including, without limitation, accounting records, annual reports, balance sheets, banking statements, cash flow statements, depreciation records, distribution statements, earnings statements, employee compensation structure, executive compensation structure, managerial compensation structure, financial statements, income statements, journals Relating to financial transactions, profit-and-loss statements, records of financial transactions, reports on assets, revenue statements, statements of financial condition summaries of capital expenditures and summaries of operating expenses.

4. To "Produce" a Document shall mean to provide a copy of the Document to Plaintiffs' counsel, Dickinson Wright PLLC, 7201

West Lake Mead Boulevard, Suite 503, Las Vegas, Nevada 89128 or to make the Document available for inspection by Plaintiffs' counsel, at a mutually convenient time, with such time being during normal working hours and on consecutive dates, if so requested by Plaintiffs' counsel.  After inspecting any such Document Plaintiffs' counsel shall have the option of requesting a printout of the Document.

5.  "Relating to" or "Relate to" shall mean referring to, concerning, regarding, constituting, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, evidencing, arising out of, discussing or evaluating, directly or indirectly.

6.  "Tax Documents" shall mean tax returns (whether state, federal, and/or foreign), United States federal forms W-2, United States federal forms W-4, United States federal forms 1099, United States federal forms 1065, and United States federal forms K-1 and all comparable state and/or foreign wage and/or tax reporting forms.

It is further ORDERED that Mr. Kearney shall appear for a judgment debtor examination on *Tuesday, July 31, 2012 at 9:30 a.m.* at the office of Dickinson Wright PLLC, 7201 West Lake Mead Boulevard, Suite 503, Las Vegas, Nevada 89128, before an officer duly authorized to administer oaths and before a stenographer using automated equipment.

**IT IS SO ORDERED.**

DATED: June 15, 2012

George W. Foley
United States Magistrate Judge