UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| TAE-SI KIM and JIN-SUNG HONG, | ) ) | |
| Plaintiffs, | ) ) | 2:09-CV-02008-PMP-GWF |
| v. | ) ) | |
| ADAM B. KEARNEY, et al., | ) ) | <u>ORDER</u> |
| Defendants. | ) ) | |

      Presently before the Court is Defendants RE/MAX Extreme, Edward C. Reed, and Barbara P. Reed's ("Reed Defendants") Motion for Leave to File Motion for Summary Judgment on Plaintiffs' Remaining Common Law Claims and Motion for Reconsideration (Doc. #285), filed on September 27, 2012. Plaintiffs Tae-Si Kim and Jin-Sung Hong filed an Opposition (Doc. #303) on October 29, 2012. The Reed Defendants filed a Reply (Doc. #305) on November 8, 2012.

      Also before the Court is Defendants Richard L. Tobler, Esq. and Richard L. Tobler, Ltd.'s ("Tobler Defendants") Motion for Reconsideration (Doc. #286), filed on September 27, 2012. Plaintiffs filed an Opposition (Doc. #302) on October 29, 2012. The Tobler Defendants filed a Reply (Doc. #304) on November 8, 2012.

**I. Motion for Leave to File Motion for Summary Judgment/Motion for Reconsideration (Doc. #285)**

The Reed Defendants move for leave to file a summary judgment motion and for reconsideration based on intervening Nevada Supreme Court authority. Specifically, the Reed Defendants argue that after the Court's prior Orders (Doc. #85, #213) and after the applicable scheduling order's summary judgment deadline, the Nevada Supreme Court issued Davis v. Beling, 278 P.3d 501 (Nev. 2012). The Reed Defendants contend Davis clarified that a plaintiff cannot bring common law claims against a real estate licensee based on conduct which is covered by Nevada Revised Statutes §§ 645.252-.254. The Reed Defendants argue that all of Plaintiffs' remaining common law claims overlap with conduct covered by §§ 645.252-.254 because these claims rest on false representations or failures to disclose, and the statutory sections cover a real estate licensee's duties respecting disclosure. The Reed Defendants therefore move for reconsideration and for summary judgment on Plaintiffs' remaining common law claims.

Plaintiffs respond that Defendants have not shown diligence in moving to amend the scheduling order because the Davis decision was issued in June 2012, but the Reed Defendants did not move for reconsideration until September 27, 2012. Plaintiffs also assert they will be prejudiced by having to respond to the late-filed motion because they have relied on the Court's prior Orders on this subject. On the merits, Plaintiffs contend that Davis does not preclude all common law claims against real estate licensees, and that Plaintiffs' fraudulent misrepresentation claims should not be precluded. Alternatively, Plaintiffs argue that if their common law claims are precluded, their common law claims should be converted to statutory claims. Plaintiffs also contend that if the Court allows the Reed Defendants to late-file the motion to reconsider, then the Court should allow Plaintiffs the opportunity to file dispositive motions past the scheduling order deadline as well.

///

       The Reed Defendants have shown good cause for amending the scheduling order. AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 952 (9th Cir. 2006); Fed. R. Civ. P. 16(b)(4). The Davis decision did not come out until after the Court issued its earlier rulings and after the applicable scheduling order deadline to file dispositive motions, and thus the Reed Defendants could not have met the scheduling order deadline regardless of their diligence. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Although there was a three-month period between the Davis decision and the Reed Defendants' motion, the motion was filed within the time frame set for the Tobler Defendants to file dispositive motions, and the Reed Defendants' motion raises questions of law which the Court eventually must resolve. Any prejudice to Plaintiffs' reliance on the Court's prior rulings is ameliorated through converting Plaintiffs' common law claims to statutory claims, rather than by refusing to consider the Reed Defendants' motion or by extending the dispositive motion deadline even further for Plaintiffs.

       This Court previously held Nevada Revised Statutes § 645.251 did not extinguish Plaintiffs' common law claims. (Order (Doc. #85) at 7; Order (Doc. #213) at 19.) However, the Nevada Supreme Court subsequently held in Davis that Nevada Revised Statutes § 645.251 "precludes common law claims against real estate licensees to the extent that the type of conduct forming the basis of such a claim is the type of conduct proscribed in NRS 645.252-645.254." Davis, 278 P.3d at 511. Section 645.251 does not shield real estate licensees from all common law claims. Id. Rather, § 645.251 "displaces common law forms of liability when the type of conduct complained of overlaps with the conduct covered by NRS 645.252-645.254." Id.

       Plaintiffs' remaining claims against the Reed Defendants are intentional and negligent misrepresentation against Ed Reed based on the escrow, clear title, and transfer misrepresentations (counts six and fourteen); constructive fraud (count thirteen); negligent undertaking to perform services (count twenty); breach of fiduciary duty (count twenty-

three); and unjust enrichment (count twenty-eight).  Plaintiffs' intentional and negligent misrepresentation claims are based on allegations Defendant Ed Reed made affirmative misrepresentations or failed to disclose material information related to the real estate transaction at issue.  (Second Am. Compl. (Doc. #215) at 36, 40-41.)  Plaintiffs' constructive fraud claim also depends on allegations that the Reed Defendants misrepresented or concealed facts.  (Id. at 40.)  This conduct overlaps with conduct covered by § 645.252(1), which sets forth a real estate licensee's disclosure obligations, including disclosing "[a]ny material and relevant facts . . . which the licensee knows, or which by the exercise of reasonable care and diligence should have known, relating to the property which is the subject of the transaction."  Plaintiffs' common law misrepresentation claims in counts six and fourteen and constructive fraud claim in count thirteen therefore are precluded under Davis.

Plaintiffs' negligent undertaking claim is based on allegations the Reed Defendants "failed to exercise the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities."  (Second Am. Compl. at 44-45.)  Plaintiffs' breach of fiduciary duty claim is based on allegations that the Reed Defendants acted in their own interests after having undertaken the duty of acting for Plaintiffs' benefit.  (Id. at 46.)  This conduct overlaps with the conduct covered by § 645.254(1), which provides that a real estate licensee "[s]hall exercise reasonable skill and care to carry out the terms of the brokerage agreement and to carry out his or her duties pursuant to the terms of the brokerage agreement."  It also overlaps with § 645.252(2), which requires the licensee to exercise reasonable care and skill with respect to all parties to the transaction.  Plaintiffs' common law negligent undertaking claim in count twenty and breach of fiduciary duty claim in count twenty-three therefore are precluded under Davis.

Finally, Plaintiffs' unjust enrichment claim is based on allegations the Reed Defendants were unjustly enriched by receiving commissions and other fees arising out of

the property transaction.  (Second Am. Compl. at 49-50.)  This conduct overlaps with conduct covered by § 645.252(1)(b) and (2), and § 645.254(7), which require the licensee to disclose all sources of the licensee's compensation for the transaction, that the licensee must exercise reasonable care and skill with respect to all parties to the transaction, and to "account for all money and property the licensee receives in which the client may have an interest as soon as is practicable."  Plaintiffs' common law unjust enrichment claim in count twenty-eight therefore is precluded under Davis.

Although all of Plaintiffs' remaining common law claims against the Reed Defendants are precluded under Davis and § 645.251, the proper remedy is not summary judgment in the Reed Defendants' favor on these claims.  Rather, as the Court suggested in a prior Order, the proper remedy is to convert Plaintiffs' common law claims to statutory claims.  (Order (Doc. #85) at 7 ("[T]he fact that Plaintiffs mislabeled their claim as one for breach of fiduciary duty rather than as one for breach of statutory duty is not fatal to their claim.").)  Accordingly, the Court will grant the Reed Defendants' Motion for Leave to File Motion for Summary Judgment on Plaintiffs' Remaining Common Law Claims and Motion for Reconsideration (Doc. #285) to the extent that Plaintiffs' common law claims in counts six, thirteen, fourteen, twenty, twenty-three, and twenty-eight are converted to statutory claims under § 645.257, which provides a private right of action for violations of §§ 645.252-.254.  The Motion is denied in all other respects.

**II.  Motion for Reconsideration (Doc. #286)**

The Tobler Defendants move for reconsideration of the Court's denial of summary judgment, arguing that discovery has now closed and Plaintiffs' own evidence shows their claims against the Tobler Defendants are time-barred.  The Tobler Defendants thus request the Court to reconsider its prior Order (Doc. #272) denying the Tobler Defendants' summary judgment motion.  Plaintiffs respond by arguing the Court already has rejected the Tobler Defendants' arguments and the Tobler Defendants offer no new

evidence or new law warranting a different result. Plaintiffs further argue they will be prejudiced by having to respond to the Tobler Defendants' summary judgment motion, and thereby incur additional costs and fees, when the Court already has rejected the motion.

The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as the Court has jurisdiction. City of L.A., Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis and quotation omitted). Generally, reconsideration is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." S.E.C. v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1100 (9th Cir. 2010). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." In re AgriBioTech, Inc., 319 B.R. 207, 209 (D. Nev. 2004).

The parties dispute the meaning of Nevada's statute of limitations for attorney malpractice actions. The applicable statute, Nevada Revised Statutes § 11.207(1), provides as follows:

> An action against an attorney or veterinarian to recover damages for malpractice, whether based on a breach of duty or contract, must be commenced within 4 years after the plaintiff sustains damage or within 2 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the material facts which constitute the cause of action, whichever occurs earlier.

The Tobler Defendants argue the language "whichever occurs earlier" refers to both the four year period and the two year discovery period, thus providing for a four year statute of repose regardless of when the plaintiff discovered or should have discovered his or her claim. Plaintiffs argue "whichever occurs earlier" refers only to the two different ways the two year period can be triggered, and thus a plaintiff who discovers or reasonably should have discovered the material facts beyond the four year limitation period still may timely

6

bring a claim.

The Nevada Supreme Court has not addressed the issue. Therefore, this Court must predict what Nevada would do, "using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." Credit Suisse First Boston Corp. v. Grunwald, 400 F.3d 1119, 1126 (9th Cir. 2005) (quotations omitted).

Under Nevada law, statutory construction is a question of law for the Court. Richardson Constr., Inc. v. Clark County Sch. Dist., 156 P.3d 21, 23 (Nev. 2007). The Court should construe the statute to give effect to the Legislature's intent. Id. The Court begins with the statute's plain language, giving effect to any unambiguous language. Id. If the statutory language is ambiguous, the Court must "examine the statute in the context of the entire statutory scheme, reason, and public policy to effect a construction that reflects the Legislature's intent." Id. Grammar and punctuation may assist in determining the correct meaning of statutory language. See Strickland v. Waymire, 235 P.3d 605, 609-10 (Nev. 2010); State v. Brodigan, 125 P. 699, 701 (Nev. 1912).

The Court concludes, based on the structure of the statute and Nevada's discussion of a similar statute, that the language "whichever occurs earlier" applies to the four year and two year limitations periods such that the four year limitations period is an outside limit on when a plaintiff must bring a legal malpractice claim. There is no punctuation separating the four year and two year clauses from each other, suggesting the "whichever occurs earlier" language modifies the entire prior clause. Further, the Nevada Supreme Court described a similarly worded statute of limitations for medical malpractice actions as providing for an "overall four-year period of limitation." Gilloon v. Humana, Inc., 687 P.2d 80, 81 n.4 (Nev. 1984) (discussing Nevada Revised Statutes § 41A.097, which provides that "an action for injury or death against a provider of health care may not be commenced more than 4 years after the date of injury or 2 years after the plaintiff

discovers or through the use of reasonable diligence should have discovered the injury, whichever occurs first"). The Nevada Supreme Court further stated that in wrongful death actions, "in most cases the death of the victim and its discovery by the heirs are contemporaneous, [and thus] the four-year limitation is likely to be of less importance than in actions for malpractice." Id. In other words, because the heirs of a decedent typically will actually discover or should discover the injury when the decedent dies, the two year limitations period generally will "occur first" for an heir's wrongful death action and will trigger the shorter two-year limitations period.

The Court concludes the Nevada Supreme Court would interpret § 11.207(1) the same way because § 11.207(1) uses almost identical statutory structure and language. Consequently, Plaintiffs' legal malpractice claims against the Tobler Defendants are timely only if they were brought within the earliest of: (1) four years from when Plaintiffs "sustain[ed] damages," (2) two years from when Plaintiffs actually discovered the material facts constituting their legal malpractice claim, or (3) two years from when Plaintiffs should have discovered the material facts through the use of reasonable diligence.

Here, Plaintiffs allege the Tobler Defendants committed legal malpractice by, among other things, failing to "include in the Option Agreement a clear obligation for Mr. Reed to ensure escrow was opened in association with the acquisition of the Subject Property," failing to "undertake reasonable efforts to ensure that escrow was opened in relation to Mr. Hong's acquisition of the Subject Property," and failing to "undertake reasonable efforts to ensure that Mr. Hong . . . obtained clear and marketable title pursuant to Mr. Hong's exercise of the Option Agreement." (Second Am. Compl. at 16.) No genuine issue of material fact remains that Plaintiffs sustained damages in the spring or early summer of 2006 when they paid $315,000 to Defendant Adam Kearney ("Kearney") outside of escrow, but Kearney failed to convey clear title to the property in exchange as required under the Option Agreement drafted by the Tobler Defendants. (Order (Doc.

#213) at 5, 7-8.) Plaintiffs did not file this action against the Tobler Defendants until January 30, 2012, after the overall four-year limitations period expired. (Second Am. Compl.) Even if Plaintiffs did not sustain damage until Kearney absconded with their funds, Kearney testified he stopped making payment on the loan encumbering the property a year later, in approximately June 2007. (Order (Doc. #213) at 8.) Plaintiffs' legal malpractice claims therefore are barred by the overall four-year limitations period, even if Plaintiffs did not discover their claim against the Tobler Defendants until April 2011 as Plaintiffs contend.

Plaintiffs' legal malpractice claims in counts forty-two to forty-five[1] against the Tobler Defendants are time barred. The Court therefore will grant the Tobler Defendants' Motion for Reconsideration.

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that Defendants RE/MAX Extreme, Edward C. Reed, and Barbara P. Reed's Motion for Leave to File Motion for Summary Judgment on Plaintiffs' Remaining Common Law Claims and Motion for Reconsideration (Doc. #285) is hereby GRANTED to the extent that Plaintiffs' common law claims in counts six, thirteen, fourteen, twenty, twenty-three, and twenty-eight are converted to statutory claims under Nevada Revised Statutes § 645.257. The Motion is denied in all other respects.

IT IS FURTHER ORDERED that Defendants Richard L. Tobler, Esq. and Richard L. Tobler, Ltd.'s Motion for Reconsideration (Doc. #286) is hereby GRANTED.

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of

---

[1] Although Plaintiffs denominate their claims as legal malpractice, breach of fiduciary duty, negligent undertaking to perform services, and negligent misrepresentation, substantively Plaintiffs' claims are legal malpractice claims that "would not exist but for" the alleged attorney/client relationship between the Tobler Defendants and Plaintiffs. Stalk v. Mushkin, 199 P.3d 838, 843 (Nev. 2009). All of Plaintiffs' claims against the Tobler Defendants therefore are subject to § 11.207(1)'s limitations period. Id. at 843-44.

Defendants Richard L. Tobler, Esq. and Richard L. Tobler, Ltd. and against Plaintiffs Tae-Si Kim and Jin-Sung Hong.

IT IS FURTHER ORDERED that pursuant to Federal Rule of Civil Procedure 54(b), there is no just reason for delay in entering final judgment as between Defendants Richard L. Tobler, Esq. and Richard L. Tobler, Ltd. and against Plaintiffs Tae-Si Kim and Jin-Sung Hong.

DATED: May 26, 2013

_____
PHILIP M. PRO
United States District Judge