UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAE-SI KIM and JIN-SUNG HONG, <br><br> Plaintiffs, <br><br> v. <br><br> ADAM B. KEARNEY, *et al.*, <br><br> Defendants. | Case No. 2:09-cv-02008-RFB-GWF <br><br> **ORDER DISMISSING CASE** |

**I.      INTRODUCTION**

This case is before the Court on an Order to Show Cause, issued August 6, 2015. ECF No. 424. In its Order, the Court dismissed Plaintiffs Tae-Si Kim and Jin-Sung Hong's (collectively, "Plaintiffs") Motion for Order to Show Cause filed on September 10, 2014 for failure to obey the Court's earlier order requiring them to provide proof that they had served Defendant Adam Kearney with a copy of an earlier Order. The Court also instructed Plaintiffs to show cause in writing why this case should not be dismissed with prejudice, given that (1) a recent Stipulation filed by the parties (ECF No. 416) included a Proposed Order stating that the case be dismissed with prejudice, and (2) it appears that there are no active Defendants remaining in this case. Plaintiffs were required to show cause in writing by August 14, 2015, and have not done so.

"Courts are to weigh five factors in deciding whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (citations and internal quotation marks omitted).

Here, the public's interest and the court's interest in managing its docket favor dismissing this case. The Court originally ordered Plaintiffs to serve Kearney with a copy of the Court's previous order, and provide proof of service to the Court, on October 16, 2014. ECF No. 408. Plaintiffs did not do so. Further, Plaintiffs to date have not responded to the Court's Order to Show Cause, even after the Court has waited an additional three weeks beyond the deadline it gave Plaintiffs. This delay of almost a full year, with no action by Plaintiffs, weighs heavily in favor of dismissal.

The third factor, prejudice to Defendants, also favors dismissal. While it appears all Defendants may have been dismissed from the case, Defendants are faced with continuing uncertainty and risk incurring additional costs as long as this case remains open despite Plaintiffs' demonstrated inaction.

Fourth, "the public policy favoring disposition of cases on their merits strongly counsels against dismissal." PPA Products, 460 F.3d at 1228 (citation omitted). Nevertheless, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." Id. (internal quotation marks omitted). Because Plaintiffs are responsible for moving a case forward, their conduct in causing delay and impeding progress supports dismissal.

Finally, the Court finds that no less drastic sanctions are available. Plaintiffs have failed to obey two Orders of the Court despite being informed that the case would be dismissed with prejudice if they did not provide an explanation for their inaction and the lack of clarity in their recent Stipulation. Based on Plaintiffs' failure to comply, the Court can only conclude that they have abandoned their claims and have no intention of moving forward.

For these reasons,

. . .

. . .

- 2 -

**IT IS ORDERED** that this case is DISMISSED WITH PREJUDICE. The Clerk of Court is instructed to close this case.

DATED: September 4, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**